### ROBINSON, et ux v. ZISMAN.
No. 61-L-4281.

Circuit Court, Dade County.

June 3, 1963.

Arthur F. McCormick, Miami, for plaintiffs.

John Robert Terry of Carey, Terry, Dwyer, Austin, Cole & Stephens, Miami, for defendant.

THOMAS E. LEE, Jr., Circuit Judge.

This cause coming on to be heard on the motion of the defendant, Herbert J. Zisman, for the taxation of costs in the above entitled cause in favor of said defendant and against the plaintiffs, Linda Marie Robinson and Terry Robinson, her husband, and after argument of counsel, the court, after a consideration of the matter, determined that the costs recoverable by the defendant under the judgment of nonsuit of May 24, 1963, are $191.70, and such costs are hereby taxed.

The court, however, wishes to make certain special findings of facts —

1. That this cause came on to trial before a jury on the 15th day of May, 1963, and that witnesses were called in behalf of the plaintiffs during the course of the trial.

2. After the noon recess on May 15, 1963, the court reconvened for the continuation of the trial at 2:30 P. M. At that time, counsel for the plaintiffs advised the court that he was unable to

proceed because he had not made arrangements to produce certain witnesses that would be necessary to establish the materiality of and identity of certain photographs that the plaintiffs desired to place in evidence.

This matter was fully discussed at that time, and it is the opinion of the court, and consequently the finding of this court, that the nonsuit was taken because counsel for the plaintiffs had failed to come to trial adequately prepared to present their case to the court and the jury.

3. This court at that time allowed the nonsuit pursuant to Rule 1.35(a)(2), and at that time advised counsel for the plaintiffs that said nonsuit would be allowed; however, under the terms and the conditions that the court would tax such costs against the plaintiffs as the court thought necessary and proper.

Pursuant to these occurrences of May 15, 1963, the court, on May 29, 1963, heard the defendant's motion for taxation of costs, and after argument of counsel, and a consideration of the matter, determined that certain miscellaneous items totalling $91.70 were taxable against the plaintiffs, and that in addition thereto, the defendant was entitled to $100 attorney's fees, which were also taxed as a cost, the court being of the opinion that all items allowed as costs were properly taxable under the rule stated above.

And let execution issue on this judgment in accordance with the law.